UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAY BRADSHAW,

                        Plaintiff,

            v.                                          9:22-CV-0094
                                                        (GTS/ML)
DONALD UHLER, et al.,

                        Defendants.

---

APPEARANCES:

JAY BRADSHAW
08-A-3654
Plaintiff, pro se
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953


GLENN T. SUDDABY
Chief United States District Judge

## DECISION and ORDER

### I.    INTRODUCTION

        Pro se plaintiff Jay Bradshaw commenced this action by filing a complaint asserting

claims pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to

proceed in forma pauperis ("IFP"), and a request for preliminary injunctive relief.  Dkt. No. 1

("Compl."); Dkt. No. 5 ("IFP Application"); Dkt. No. 2 ("Preliminary Injunction Motion").[1]

---

[1]  By Text Order entered on February 3, 2022, this action was assigned to this Court under Section
12(G)(2) of the Northern District of New York's General Order 12 based on the relationship between this case
and two other actions previously commenced by plaintiff and assigned to this Court.  *See* Dkt. No. 3.  In that
same Order, the Preliminary Injunction Motion was denied insofar as plaintiff requested temporary relief before
the named defendants could be heard in opposition.  *Id.*  That same date, this action was administratively closed
based on plaintiff's failure to comply with the filing fee requirement.  Dkt. No. 4.  Thereafter, plaintiff filed his IFP
(continued...)

Plaintiff, who is incarcerated at Upstate Correctional Facility ("Upstate C.F."), has not paid

the filing fee for this action.

## II.    IFP STATUS

Where a plaintiff seeks leave to proceed IFP, the Court must determine whether the

plaintiff has demonstrated sufficient economic need to proceed without prepaying, in full, the

Court's filing fee of four hundred and two dollars ($402.00).[2]  The Court must also determine

whether the "three strikes" provision of 28 U.S.C. § 1915(g) ("Section 1915(g)") bars the

plaintiff from proceeding IFP and without prepayment of the filing fee.[3]  More specifically,

Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment
> in a civil action or proceeding under this section if the prisoner has,
> on 3 or more prior occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of the United States
> that was dismissed on the grounds that it is frivolous, malicious, or
> fails to state a claim upon which relief may be granted, unless the
> prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  If the plaintiff is indigent and not barred by Section 1915(g), the Court

must consider the sufficiency of the claims stated in the complaint in accordance with 28

---

[1](...continued)
Application and the inmate authorization form required in this District, and the Clerk was directed to reopen this action and restore it to the Court's active docket.  *See* Dkt. Nos. 5, 6, 7.

[2]  "28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged."  *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).  "Although an indigent, incarcerated individual need not prepay the filing fee . . . at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts."  *Id.* (citing 28 U.S.C. § 1915(b); *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)).

[3]  The manifest intent of Congress in enacting Section 1915(g) was to curb prison inmate abuses and to deter the filing of multiple, frivolous civil rights suits by prison inmates.  *Tafari v. Hues*, 473 F.3d 440, 443-44 (2d Cir. 2007).  The question of whether a prior dismissal is a "strike" is a matter of statutory interpretation and, as such, is a question for the court to determine as a matter of law.  *Tafari*, 473 F.3d at 442-43.

U.S.C. § 1915(e) and 28 U.S.C. § 1915A.

In this case, plaintiff has demonstrated economic need and has filed the inmate authorization form required in the Northern District of New York.  *See* Dkt. Nos. 5, 6.  Thus, the Court must determine whether the "three strikes" rule of Section 1915(g) bars plaintiff from proceeding with this action IFP.

### A.     Determination of "Strikes"

Plaintiff is a frequent litigator, having commenced, in addition to this action, at least twenty-four previously filed civil actions in the district courts in the Second Circuit since 2008. *See* PACER Case Locator <https://pcl.uscourts.gov/pcl/pages/search/findParty.jsf> (last visited Mar. 21, 2022).  The following is a list of those actions: (1) *Bradshaw v. McQueen*, No. 08-CV-5518 (S.D.N.Y. filed June 18, 2008); (2) *Bradshaw v. Officer Banks*, No. 09-CV-0966 (S.D.N.Y. filed Feb. 4, 2009); (3) *Bradshaw v. Brown*, No. 13-CV-4308 (E.D.N.Y. filed July 31, 2013); (4) *Bradshaw v. The City of New York*, No. 15-CV-2166 (E.D.N.Y. filed Apr. 13, 2015); (5) *Bradshaw v. The City of New York*, No. 15-CV-4638 (S.D.N.Y. filed June 10, 2015); (6) *Bradshaw v. The City of New York*, No. 15-CV-5481 (S.D.N.Y. filed July 10, 2015); (7) *Bradshaw v. The City of New York*, No. 15-CV-7074 (S.D.N.Y. filed Sept. 8, 2015); (8) *Bradshaw v. The City of New York*, No. 15-CV-8252 (S.D.N.Y. filed Oct. 20, 2015); (9) *Bradshaw v. The City of New York*, No. 15-CV-9031 (S.D.N.Y. Nov. 17, 2015); (10) *Bradshaw v. The City of New York*, No. 17-CV-1199 (S.D.N.Y. filed Feb. 16, 2017); (11) *Bradshaw v. The City of New York*, No. 17-CV-1168 (E.D.N.Y. filed Feb. 27, 2017); (12) *Bradshaw v. The City of New York*, No. 18-CV-8215 (S.D.N.Y. filed Sept. 7, 2018) ("*Bradshaw v. The City of New York IX*"); (13) *Bradshaw v. Locke*, No. 19-CV-428 (N.D.N.Y.

3

filed April 10, 2019) ("*Bradshaw v. Locke*"); (14) *Bradshaw v. Burns*, No. 19-CV-931 (N.D.N.Y. filed July 31, 2019) ("*Bradshaw v. Burns*"); (15) *Bradshaw v. Annucci*, No. 20-CV-6083 (W.D.N.Y. filed Feb. 6, 2020); (16) *Bradshaw v. Piccolo*, No. 20-CV-6106 (W.D.N.Y. Feb. 18, 2020); (17) *Bradshaw v. Piccolo*, No. 20-CV-6368 (W.D.N.Y. filed June 4, 2020); (18) *Bradshaw v. Annucci*, No. 20-CV-6548 (W.D.N.Y. Sept. 29, 2020); (19) *Bradshaw v. Piccolo*, No. 21-CV-6050 (W.D.N.Y. filed Jan. 19, 2021); (20) *Bradshaw v. Gordon*, No. 21-CV-0645 (N.D.N.Y. filed June 3, 2021) ("*Bradshaw v. Gordon*"); (21) *Bradshaw v. Uhler*, No. 21-CV-0776 (N.D.N.Y. filed July 8, 2021) ("*Bradshaw v. Uhler*"); (22) *Bradshaw v. Marshal*', No. 21-CV-0826 (N.D.N.Y. filed July 21, 2021) ("*Bradshaw v. Marshall*"); (23) *Bradshaw v. Annucci*, No. 21-CV-0901 (N.D.N.Y. filed Aug. 11, 2021) ("*Bradshaw v. Annucci*"); and (24) *Bradshaw v. Brand*, No. 21-CV-0942 (N.D.N.Y. filed Aug. 20, 2021) ("*Bradshaw v. Brand*").[4]

Upon review of these actions, and consistent with the determinations reached by the Honorable Brenda K. Sannes in *Bradshaw v. Locke* and *Bradshaw v. Burns*, by this Court in *Bradshaw v. Gordon* and *Bradshaw v. Uhler*, by the Honorable Mae A. D'Agostino in *Bradshaw v. Marshall*, and by the Honorable David N. Hurd in *Bradshaw v. Annucci* and *Bradshaw v. Brand*, this Court once again finds that, as of the date that plaintiff commenced

---

[4] *Bradshaw v. Locke, Bradshaw v. Burns*, *Bradshaw v. Marshall,* and *Bradshaw v. Annucci* are all currently pending in this District.  On December 3, 2021, judgment was entered in *Bradshaw v. Brand* dismissing the action without prejudice.  *Id.*, Dkt. No. 6.  On February 18, 2022, this Court revoked plaintiff's IFP status in *Bradshaw v. Gordon* and *Bradshaw v. Uhler*.  *See Bradshaw v. Gordon*, Dkt. No. 67; *Bradshaw v. Uhler*, Dkt. No. 72.  Plaintiff has sought to appeal those rulings.  *See Bradshaw v. Gordon*, Dkt. No. 70; *Bradshaw v. Uhler*, Dkt. No. 75.

this action, he had acquired at least four "strikes."[5]  As a result, plaintiff's IFP Application

must be denied unless it appears that the "imminent danger" exception to the "three strikes"

rule set forth in Section 1915(g) is applicable to this action.

### B.    Applicability of the "Imminent Danger" Exception

The "imminent danger" exception protects a prison inmate exposed to potential

serious physical injury from the consequences of his earlier mistakes in filing frivolous

litigation.  Generally speaking, the allegations relevant to this inquiry "are those in which

[plaintiff] describes physical injury, threats of violence, and deprivation of medical treatment."

*Chavis v. Chappius*, 618 F.3d 162, 165 (2d Cir. 2010).  The Second Circuit has described the

nature of the Court's inquiry regarding imminent danger as follows: "although the feared

physical injury must be serious, we should not make an overly detailed inquiry into whether

the allegations qualify for the exception, because § 1915(g) concerns only a threshold

procedural question, while [s]eparate PLRA provisions are directed at screening out meritless

suits early on."  *Id*. at 169-70 (*quoting Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir.

2007)) (internal quotation marks omitted).

"[F]or a prisoner to qualify for the imminent danger exception, the danger must be

present when he files his complaint – in other words, a three-strikes litigant is not excepted

from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed."

---

[5]  The actions in which plaintiff acquired strikes are as follows: (1) *Bradshaw v. McQueen*, No. 08-CV-5518, Dkt. No. 32 (S.D.N.Y. Feb. 11, 2010) (dismissing complaint for failure to state a claim upon which relief may be granted); (2) *Bradshaw v. Brown*, No. 13-CV-4308, Dkt. No. 52 (E.D.N.Y. May 18, 2017) (Mandate dismissing appeal of dismissal order on grounds that it lacked "an arguable basis either in law or in fact"); (3) *Bradshaw v. The City of New York*, No. 15-CV-2166, Dkt. No. 58 (E.D.N.Y. Aug. 22, 2017) (dismissing complaint for failure to state a claim upon which relief may be granted); (4) *Bradshaw v. The City of New York*, No. 15-CV-2166, Dkt. No. 62 (E.D.N.Y. Nov. 16, 2018) (Mandate dismissing appeal on grounds that it lacked "an arguable basis either in law or in fact").  In *Bradshaw v. Locke*, Judge Sannes specifically discussed each of these four "strikes" in her initial Decision and Order entered on May 9, 2019.  *See id.*, Dkt. No. 8.

*Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009); *see also Polanco v. Hopkins*, 510 F.3d 152 (2d Cir. 2007); *Akassy v. Hardy*, 887 F.3d 91, 96 (2d Cir. 2018).  However, "allegations of past violence can satisfy the imminent danger exception when, for example, the past harms are part of an ongoing pattern of acts."  *Carter v. New York State*, No. 20-CV-5955, 2020 WL 4700902, at *1 (S.D.N.Y. Aug. 12, 2020) (citing *Chavis*, 618 F.3d at 170 (holding that "[a]n allegation of a recent brutal beating, combined with three separate threatening incidents, some of which involved officers who purportedly participated in that beating, is clearly the sort of ongoing pattern of acts that satisfies the imminent danger exception.")).

In addition, "§ 1915(g) allows a three-strikes litigant to proceed [IFP] only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges."  *Pettus*, 554 F.3d at 296.  In deciding whether such a nexus exists, the Second Circuit has instructed the courts to consider "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint, and (2) whether a favorable judicial outcome would redress that injury."  *Id*. at 298-99.

In this case, plaintiff alleges that on January 30, 2022, which is the date of the complaint, defendant Corrections Sergeant Marshall wrongly "declared a search of [plaintiff's] cell" in response to grievances he filed regarding retaliatory cell searches.  Compl. at 2.  According to plaintiff, after he was removed from his cell and placed in handcuffs, defendant Corrections Officer Chase, defendant Corrections Officer John Doe, and defendant Marshall, in the presence of defendant Corrections Lieutenant Gettman, "rush[ed]" him back into his

cell and "repeated[ly] struck [him] about the face, head and back" and sprayed mace in his eyes. *Id*. Plaintiff alleges that he was then removed from his cell and held under a faucet by defendants Chase and John Doe, and defendant Chase pressed "deep inside" plaintiff's eyes with his fingers while water was poured into plaintiff's face. *Id*.

Plaintiff claims that he suffered "swelling and bruises on [his] left cheek and nose, swelling and [a] bruise over [his] left eyebrow, . . . swelling and abrasions on the left side of [his] face and head, a swollen right eye with impaired vision, a gash on the top of [his] head, and a large swelling on [his] mid-lower left back . . . and substantial pain that effect[s] [his] mobility." Compl. at 2. Plaintiff also claims that defendant Marshall "threatens plaintiff with the next search to attack [him] again." *Id*.

While the complaint offers several details regarding the alleged use-of-force incident that forms the basis of plaintiff's underlying claims, the allegations regarding an ongoing threat of future harm at the time of filing are entirely conclusory. For example, the complaint does not allege where or when defendant Marshall "threaten[ed] . . . to attack plaintiff again[,]" which officials were present during this threat, or what defendant Marshall specifically stated.

Furthermore, even accepting plaintiff's vague allegations as true, the Court is only able to plausibly infer that defendant Marshall may seek to cause plaintiff harm at some unidentified point in the future, during a search of his cell. Yet plaintiff does not allege that another search of his cell is imminent.[6] Nor does he allege facts which plausibly suggest that

---

[6] According to plaintiff, cell searches are supposed to be "conducted on a sixty day cycle and authorized by [defendant] Bishop, the Deputy of Security[,]" but searches of his cell have occurred with greater frequency, and at the direction of defendant Marshall. Compl. at 2.

defendant Marshall must be involved in any future search of his cell.[7]  In addition, plaintiff does not allege that a potential exists for him to interact with defendant Marshall in some other capacity.

Simply put, the allegations in the complaint plausibly suggest only that at some unidentified point in the future, plaintiff's cell may be searched by, or at the direction of, defendant Marshall, who is prepared to "attack plaintiff again[,]" apparently because plaintiff filed grievances related to other cell searches or named Marshall as a defendant in an earlier lawsuit he filed.[8]  Such conclusory allegations are insufficient to plausibly suggest that at the time of filing, plaintiff faced an imminent risk of serious physical harm.  *See Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002) ("Because § 1915(g) uses the present tense in setting forth the imminent danger exception, it is clear from the face of the statute that the danger must exist at the time the complaint is filed[,]" and that the exception does not apply to "those harms that had already occurred." (internal quotation marks and citations omitted)); *Chavis*, 618 F.3d at 170 ("A court may find that a complaint does not satisfy the 'imminent danger' exception if the complainant's 'claims of imminent danger are conclusory or ridiculous.'") (citation omitted); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (The imminent danger exception is available "for genuine emergencies," where "time is pressing"

---

[7]  Based on plaintiff's filings in other cases, of which the Court takes judicial notice, it appears that defendant Marshall is often but not always involved in searches of plaintiff's cell.  *Bradshaw v. Marshall*, Dkt. No. 62 at 2.  More specifically, according to plaintiff, defendant Marshall was responsible for, or oversaw, eight out of ten searches of plaintiff's cell between July 12, 2021 and January 30, 2022.  *Id*.  The two searches defendant Marshall was allegedly not involved in occurred on November 3 and December 5, 2021.  *See* Dkt. No. 62 at 2.

[8]  Insofar as plaintiff speculates that defendant Marshall intends to harm him in the future based on his commencement of a lawsuit naming Marshall as a defendant, filings in that lawsuit indicate that defendant Marshall (1) was served with the complaint on November 23, 2021, *see Bradshaw v. Marshall*, Dkt. No. 38 at 3, and (2) according to plaintiff, directed a search of his cell the next day, which did not result in any harm, *see* Dkt. No. 62.

and "a threat . . . is real and proximate."); *Antrobus v. Dapecevic*, No. 17-CV-5840, 2018 WL 3242272, at *13 (S.D.N.Y. July 3, 2018) (finding non-specific allegations of threats to be insufficient to allege imminent danger); *Burgess v. Conway*, 631 F. Supp. 2d 280, 283 (W.D.N.Y. 2009) (granting defendants' motion to dismiss because plaintiff "simply allege[d] that he has been assaulted in the past, and there [were] no allegations in the complaint indicating that another attack is imminent"); *Mitchell v. Fed. Bureau of Prisons*, 587 F.3d 415, 421 (D.C. Cir. 2009) ("[U]nless we require prisoners to demonstrate the actual existence of an imminent threat, otherwise disqualified filers could obtain IFP status simply by adding general allegations of endangerment."); *Avent v. Fisher*, No. 07-CV-1135, 2008 WL 5000041, at *6 (N.D.N.Y. Nov. 20, 2008) (noting that "unless the prospect of . . . a future assault" threatened after a physical assault "is so specific and/or likely as to be deemed real, such an allegation will not suffice to allege an 'imminent danger' on the date of filing" (italics omitted)).  Accordingly, plaintiff's IFP Application is denied.

In light of plaintiff's pro se status, and even though the complaint does not necessarily indicate that he might be able to demonstrate that the "imminent danger" exception to Section 1915(g) is applicable to this action, the Court will nonetheless give him an opportunity to present an amended complaint.  *See Chavis*, 618 F.3d at 170 (finding that the district court "abused its discretion" in denying plaintiff leave to amend his complaint to allege imminent danger).

Plaintiff is advised that any amended complaint submitted in response to this Decision and Order must set forth a short and plain statement of the facts he relies on in support of his claim that specific individuals named as defendants in that pleading engaged in conduct which violated his constitutional rights, and must also contain factual allegations sufficient to

plausibly suggest that he faced an "imminent danger of serious physical injury" from one or more of the defendants when he filed this action on January 30, 2022.[9]  Plaintiff's amended complaint, which shall supersede and replace the original complaint in its entirety, must be a complete pleading which sets forth all of the claims that plaintiff wants this Court to consider as a basis for awarding relief in this action.[10]

Plaintiff is advised that his failure to timely comply with this Decision and Order will result in the dismissal of this action, without prejudice, without further Order of this Court.

Plaintiff's Preliminary Injunction Motion is denied without prejudice as moot in light of the conditional dismissal of his complaint for failure to comply with the filing fee requirement.

## III.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's IFP Application (Dkt. No. 5) is **DENIED without prejudice** pursuant to 28 U.S.C. § 1915(g) because plaintiff has three "strikes" and is not entitled to the "imminent danger" exception as set forth above; and it is further

**ORDERED** that this action shall be **DISMISSED** unless, **within thirty (30) days** of the date of this Decision and Order, plaintiff either (i) pays the Court's filing fee of four hundred and two dollars ($402.00) in full, or (ii) files an amended complaint demonstrating that he faced an "imminent danger of serious physical injury" from the defendants when he commenced this action; and it is further

---

[9]  Plaintiff is reminded that claims of "imminent danger" set forth in wholly conclusory terms do not suffice. *See Chavis*, 618 F.3d at 170.

[10]  In lieu of filing an amended complaint, plaintiff may pay the statutory filing fee of four hundred and two dollars ($402.00) in full in order for the Court to consider the sufficiency of the complaint in accordance with 28 U.S.C. § 1915A.

**ORDERED** that upon plaintiff's compliance with this Decision and Order, the Clerk of the Court shall return the file to this Court for review; and it is further

**ORDERED** that if plaintiff fails to timely comply with this Decision and Order, the Clerk of the Court is directed to enter judgment dismissing this action, without prejudice, without further order of this Court; and it is further

**ORDERED** that plaintiff's Preliminary Injunction Motion (Dkt. No. 2) is **DENIED without prejudice**; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: March 22, 2022
        Syracuse, NY

Hon. Glenn T. Suddaby
Chief U.S. District Judge