UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAY BRADSHAW,

                            Plaintiff,

           v.                                          9:22-CV-0094
                                                              (GTS/ML)
DONALD UHLER, et al.,

                            Defendants.
_____

APPEARANCES:

JAY BRADSHAW
08-A-3654
Plaintiff, pro se
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953


GLENN T. SUDDABY
Chief United States District Judge

## DECISION AND ORDER

### I.    INTRODUCTION

Plaintiff Jay Bradshaw commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP") and a request for preliminary injunctive relief. Dkt. No. 1 ("Compl."); Dkt. No. 5 ("IFP Application"); Dkt. No. 2 ("Preliminary Injunction Motion").[1] By Decision and

---

[1] By Text Order entered on February 3, 2022, this action was assigned to this Court under Section 12(G)(2) of the Northern District of New York's General Order 12 based on the relationship between this case and two other actions previously commenced by plaintiff and assigned to this Court. *See* Dkt. No. 3. In that same Order, the Preliminary Injunction Motion was denied insofar as plaintiff requested temporary relief before the named defendants could be heard in opposition. *Id*. That same date, this action was administratively closed based on plaintiff's failure to comply with the filing fee requirement. Dkt. No. 4. Thereafter, plaintiff filed his IFP Application and the inmate authorization form required in this District, and the Clerk was directed to reopen this

Order entered on March 22, 2022, plaintiff's IFP Application was denied pursuant to 28 U.S.C. § 1915(g) ("Section 1915(g)") based on the Court's determination that plaintiff has three "strikes" and is not entitled to the "imminent danger" exception. *See* Dkt. No. 8 ("March 2022 Order"). Plaintiff was advised that this action would be dismissed unless, within thirty (30) days, he either (i) paid the Court's filing fee of four hundred and two dollars ($402.00) in full, or (ii) filed an amended complaint demonstrating that he faced an "imminent danger of serious physical injury" from the named defendant(s) when he commenced this action. *Id*. at 10.

Thereafter, plaintiff submitted an amended and supplemental complaint for the Court's consideration. Dkt. No. 9. Before the Court had an opportunity to consider the amended pleading, plaintiff filed a motion to amend and proposed second amended and supplemental complaint, without leave. Dkt. No. 12. By Decision and Order entered on June 15, 2022, plaintiff's motion to amend was denied without prejudice to him commencing a new action and he was advised that this action would be dismissed unless he paid the Court's filing fee in full within thirty (30) days. Dkt. No. 14 ("June 2022 Order").

Presently before the Court is plaintiff's motion for reconsideration of the June 2022 Order. Dkt. No. 18 ("Motion for Reconsideration").[2]

---

action and restore it to the Court's active docket. *See* Dkt. Nos. 5, 6, 7.

[2] Before filing the Motion for Reconsideration, plaintiff filed a notice of appeal of the June 2022 Order. *See* Dkt. No. 16. Pursuant to Rule 4 of the Federal Rules of Appellate Procedure, if a party files a notice of appeal after the entry of judgment but before disposition of certain motions, including a motion for reconsideration of a final order under Federal Rule of Civil Procedure 59(e), the district court retains jurisdiction to consider and decide that motion and the notice of appeal becomes effective when that motion is resolved. *See* Fed. R. App. P. 4(a)(4). However, motions for reconsideration of interlocutory orders such as the June 2022 Order are technically governed by Federal Rule of Civil Procedure 54(b). *See* Fed. R. Civ. P. 54(b) (interlocutory orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). While this would suggest that the Court does not have jurisdiction to consider the Motion for Reconsideration, the Second Circuit has also made clear that the denial of an IFP motion under 28 U.S.C. § 1915 is immediately appealable. *See Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22,

## II.   MOTION FOR RECONSIDERATION

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).  The standard for granting a motion for reconsideration is strict.  *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided."  *Id.*[3]  Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"  *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Plaintiff does not suggest that there has been an intervening change in the controlling law, nor has he presented new evidence which was not previously available.  Therefore, the only basis for reconsideration is to remedy a clear error of law or to prevent manifest injustice.

Plaintiff argues that the Court erred in denying his request to proceed IFP because he

---

23 (2d Cir. 1988) (per curiam); *Harnage v. Kenny*, 828 Fed. App'x 766, 768 (2d Cir. 2020).  In other words, although the June 2022 Order is technically interlocutory in nature, the Second Circuit has treated such orders as final in nature, and thus immediately appealable.  For this reason, as well as for the sake of efficiency, the Court views the Motion for Reconsideration as the functional equivalent of Rule 59 motion to alter or amend a judgment, and will therefore consider plaintiff's motion to have been filed under Federal Rule of Civil Procedure 59(e) rather than as a motion filed under Rule 54(b).  As a result, the Court retains jurisdiction to consider and decide the motion.

[3]  Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader*, 70 F.3d at 257.

3

was threatened by Corrections Sergeant Marshall on January 6, 2022, assaulted on January 30, 2022 (the date he filed the original complaint), and then denied meals and harassed by one of the officials involved in the alleged use-of-force incident. *See generally* Motion for Reconsideration.

After thoroughly reviewing plaintiff's motion and affording it due consideration in light of his status as a pro se litigant, the Court finds that plaintiff presents no basis for reconsideration of the June 2022 Order. Based upon a review of the relevant law and its application to the facts of this case, the Court concludes that its previous decision was legally correct and did not work a manifest injustice.

The Court will add only that this case is distinguishable from *Chavis v. Chappius*, 618 F.3d 162 (2d Cir. 2010), the case cited by plaintiff in his Motion for Reconsideration, in several respects. First, the pleadings in this case do not allege that plaintiff was the victim of a "brutal" and unprovoked "beating" anything like what was alleged in that case.[4] Second, the pleadings in this case do not identify a specific threat of future unprovoked harm made to plaintiff after the alleged use-of-force incident, by an official allegedly involved in that

---

[4] The use-of-force incidents in *Chavis*, described by the Second Circuit as "brutal beating[s,]" involved officials, on two occasions over a one-year period, "smash[ing]" the plaintiff's head into a wall multiple times while he was "in full mechanical restraints[,]" causing his head to bleed, then delivering "extremely hard fist blows" to his face and body and thereafter denying him medical treatment for his injuries. *Chavis v. Chappius*, No. 06-CV-0543, Dkt. No. 1 at 36; Dkt. No. 1-2 at 3, 7-8, 11-13 (W.D.N.Y. filed Aug. 16, 2006); *Chavis*, 618 F.3d at 170. In this case, plaintiff alleges in his original complaint that he was "repeated[ly] struck" in "the face, head and back" while in his cell, and sprayed with mace. Compl. at 2. Plaintiff describes his injuries as "swelling and bruises on [his] left cheek and nose, swelling and [a] bruise over [his] left eyebrow, . . . swelling and abrasions on the left side of [his] face and head, a swollen right eye with impaired vision, a gash on the top of [his] head, and a large swelling on [his] mid-lower left back . . . and substantial pain that effect[s] [his] mobility." Compl. at 2. By plaintiff's own allegations, the officials involved in the use-of-force incident brought him to a sink to apply water to the mace in his eyes immediately after the incident. Compl. at 2. In addition, plaintiff does not allege in any of his pleadings that he sought medical treatment for his injuries, let alone that such treatment was denied.

incident.[5]  Third, the facts surrounding the alleged use-of-force incident in this case are entirely different from those in *Chavis*.[6]  Fourth, unlike in *Chavis*, plaintiff was afforded leave to amend his original complaint in this case, and told that he could pursue his claims based on alleged wrongdoing that occurred after the filing date of his amended complaint -- when he was housed in a new area of Upstate Correctional Facility, where cameras may or may not be more prevalent, cell search procedures may or may not be different, and supervisory officials may or may not be different -- in a new action.  *See Jolley v. Meachum*, 210 F.3d 354 (2d Cir. 2000) (affirming denial of motion for leave to amend where the plaintiff's "various proposed amended complaints contained claims that were either unrelated to his original claims, or known to him at the time that he filed his original complaint"); *Mitchell v. Cuomo*, No. 17-CV-0892 (TJM/DJS), 2019 WL 1397195, at *3 (N.D.N.Y. Mar. 28, 2019).

In light of the foregoing, and for the reasons set forth in the June 2022 Order, plaintiff's Motion for Reconsideration is denied.

---

[5]  In *Chavis*, the plaintiff alleged that one of the officials involved in the use-of-force incident visited him at his new cell shortly after the incident and threatened to assault him again.  *See Chavis v. Chappius*, No. 06-CV-0543, Dkt. No. 5 at 4-5 (W.D.N.Y. filed Nov. 8, 2006).  The plaintiff in that case further alleged that he filed grievances regarding both the alleged use-of-force incidents and alleged threat of future harm made thereafter.  *Id*.  In this case, the amended complaint generically alleges that one of the officials involved in the use-of-force incident on January 30, 2022, appeared at plaintiff's cell roughly three weeks after the alleged incident to "mock and intimidate" him.  *See* Am. Compl. at 8.  The amended complaint does not provide any further details regarding this alleged incident, or what became of the grievance plaintiff allegedly filed.  Moreover, while the proposed second amended and supplemental complaint alleges that this same official threatened to harm plaintiff on April 26, 2022, the alleged threat was not a threat of future harm, as in *Chavis*, but rather a present threat of harm if plaintiff did not cooperate during a cell search.  *See* Dkt. No. 12 at 6.  As noted in the June 2022 Order, this Court "agrees with other courts that have held that a prisoner cannot create the imminent danger needed to satisfy the exception."  *See* June 2022 Order at 12 (collecting cases).  Furthermore, plaintiff does not allege that he filed a grievance regarding this alleged threat, or spoke to any supervisory officials about it.

[6]  In *Chavis*, the plaintiff alleged that he was lead into a draft room in full mechanical restraints, where he was then assaulted.  *See Chavis v. Chappius*, No. 06-CV-0543, Dkt. No. 1-2 at 8 (W.D.N.Y. Aug. 16, 2006).  In this case, the alleged use-of-force incident occurred in plaintiff's cell, after he initially requested certain accommodations related to his removal, instead of simply exiting his cell as directed.  *See* Am. Compl. at 6-7.  Plaintiff also expressly alleges elsewhere in his amended complaint that he "do[es] not exit his cell" during cell searches "due to fear of being assaulted[.]"  *Id*. at 7.

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for reconsideration of the June 2022 Order (Dkt. No. 18) is **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: August 24, 2022
　　　Syracuse, NY

Hon. Glenn T. Suddaby
Chief U.S. District Judge